IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TRENTIN D. THOMAS SR. and <br> EMERALD M. THOMAS, <br>     Plaintiffs, <br><br> v. <br><br> WELLS FARGO BANK, N.A., and <br> FEDERAL NATIONAL <br> MORTGAGE ASSOCIATION a/k/a <br> FANNIE MAE, <br>     Defendants. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | CASE NO. 4:17-cv-2070 |

## **MEMORANDUM AND ORDER**

Pending before the Court in this property dispute are two motions: Defendant Wells Fargo Bank, N.A.'s ("Wells Fargo") Motion to Dismiss (the "WF Motion") [Doc. # 21] and Defendant Federal National Mortgage Association's ("Fannie Mae") Motion to Dismiss (the "FM Motion," and collectively, the "Motions") [Doc. # 22]. In the Motions, Defendants seek dismissal of each of the claims asserted in Plaintiffs Trentin Thomas, Sr. and Emerald Thomas's First Amended Complaint (the "Complaint") [Doc. # 17]. Plaintiffs filed responses to the Motions, to which Defendants replied.[1] The Motions are now ripe for decision.

---

[1] *See* Plaintiffs' Memorandum Response to Motion to Dismiss filed by Defendant, Fannie Mae (the "FM Response") [Doc. # 26]; Plaintiffs' Memorandum Response to Motion to Dismiss filed by Defendant, Wells Fargo (the "WF Response," and (continued…)

Having considered the parties' briefing, the applicable legal authorities, and all appropriate matters of record, the Court concludes that the WF Motion should be **granted in substantial part and denied in part** and that the FM Motion should be **granted**.

I.  **BACKGROUND**

Plaintiffs filed this lawsuit in response to a foreclosure sale of the real property located at 20202 Cortina Valley Drive in Cypress, Texas (the "Property"). Plaintiffs allege that on or about October 30, 2014, they executed a promissory note in the amount of $313,759, which was secured by a Deed of Trust on the Property in favor of Wells Fargo. Plaintiffs also allege that following a "few

---

(continued…)
collectively, the "Responses") [Doc. # 27]; Defendant Fannie Mae's Reply in Support of the FM Motion (the "FM Reply") [Doc. # 28]; and Defendant Wells Fargo's Reply in Support of the WF Motion (the "WF Reply," and collectively, the "Replies").

In the WF Reply, Wells Fargo argues that the Court should strike the WF Response because Plaintiffs filed it, without explanation or leave of Court, a week after the response deadline. WF Reply [Doc. # 29], p. 1-2. This request is **denied**. The Court does not condone Plaintiffs' failure to abide by court deadlines, and Plaintiffs are advised that subsequent disregard for deadlines may result in the striking of untimely filed pleadings or imposing of other sanctions. However, this is Plaintiffs' first lapse in timeliness and there is no evidence of any prejudice to Wells Fargo as a result of Plaintiffs' unexcused delay in filing the WF Response. Striking that filing is neither necessary nor appropriate.

months" of missed mortgage payments by Plaintiffs, on April 4, 2017, Wells Fargo sold the Property to Fannie Mae in a foreclosure sale for $281,000.[2]

On April 27, 2017, Plaintiffs filed their original complaint in this case against Wells Fargo. On January 29, 2018, Plaintiffs filed the Complaint, adding Fannie Mae as a defendant. In the Complaint, Plaintiffs assert various claims against Defendants, which in essence challenge the propriety and validity of Wells Fargo's sale of the Property to Fannie Mae.

## II. LEGAL STANDARDS

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is viewed with disfavor and is rarely granted. *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (citing *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009)). The complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true. *Harrington*, 563 F.3d at 147. The complaint must, however, contain sufficient factual allegations, as opposed to legal conclusions, to state a claim for relief that is "plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Patrick v. Wal-Mart, Inc.*, 681 F.3d 614, 617 (5th Cir. 2012). When there are well-pleaded factual allegations, a court should presume they are true, even if doubtful, and then

---

[2] Plaintiffs make no allegations about Well Fargo's acceleration of payments on the note.

determine whether they plausibly give rise to an entitlement to relief. *Iqbal*, 556 U.S. at 679. Additionally, regardless of how well-pleaded the factual allegations may be, they must demonstrate that the plaintiff is entitled to relief under a valid legal theory. *See Neitzke v. Williams,* 490 U.S. 319, 327 (1989); *McCormick v. Stalder,* 105 F.3d 1059, 1061 (5th Cir. 1997).

### III. <u>ANALYSIS</u>

#### A. **Defendant's Motion**

In the Complaint, Plaintiff asserts five causes of action: (i) wrongful foreclosure, (ii) quiet title, (iii) breach of contract, (iv) violation of Chapter 392 of the Texas Finance Code, and (v) trespass to try title. Plaintiffs' quiet title claim is asserted against both Defendants. Plaintiffs' remaining claims are asserted only against Wells Fargo. The Court addresses these claims in turn.

##### 1. **Wrongful Foreclosure**

"A wrongful-foreclosure claim under Texas law has three elements: (i) a defect in the foreclosure sale proceedings'; (ii) a grossly inadequate selling price; and (iii) a causal connection between the defect and the grossly inadequate selling price." *Villarreal v. Wells Fargo Bank, N.A.*, 814 F.3d 763, 767–68 (5th Cir. 2016) (internal quotation marks and citations omitted). A sale price is "grossly inadequate" if the "price would have to be so little as to shock a correct mind." *Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 256 (5th Cir. 2013).

4

"The weight of Texas authority rejects a determination of gross inadequacy where, as here, property sells for over 60% of fair market value." *FDIC v. Blanton*, 918 F.2d 524, 531 (5th Cir. 1990). Accordingly, "[c]ases with a finding of gross inadequacy typically fall far below the 60% line." *Id*. at n.7; *see also Water Dynamics, Ltd. v. HSBC Bank USA, Nat. Ass'n*, 509 F. App'x 367, 369 (5th Cir. 2013) ("Texas cases establish that a foreclosure price exceeding 50% [of the fair market value of the property] is not grossly inadequate.)" (citing *Terra XXI, Ltd. v. Harmon*, 279 S.W.3d 781, 788 (Tex. App.—Amarillo 2007), and *Richardson v. Kent*, 47 S.W.2d 420, 425 (Tex. Civ. App.—Dallas 1932)).

Plaintiffs allege in the Complaint that at the time of the foreclosure sale, the Property was appraised at a value of $337,640. Plaintiffs also allege that Wells Fargo sold the Property to Fannie Mae for $281,000, or over 83% of the Property's appraised value. By Plaintiffs' own admissions, the Property was sold at a price materially higher than the 60% threshold commonly used to determine price inadequacy. As such, Plaintiffs' claim for wrongful foreclosure is defectively pleaded because Plaintiffs' allegations foreclose, as a matter of law, a reasonable inference that Wells Fargo sold the Property at a grossly inadequate price. The WF Motion is **granted** with respect to Plaintiffs' wrongful foreclosure claim.

## 2. Quiet Title

Under Texas law, a claim to quiet title requires that a plaintiff prove: (1) he has an interest in a specific property, (2) title to the property is affected by a claim by the defendant or defendants, and (3) the claim, although facially valid, is invalid or unenforceable. *Cervantes v. New Century Mortg. Corp.*, 633 F. App'x 290, 291 (5th Cir. 2016). A suit to quiet title is an equitable action. *Wagner v. CitiMortgage, Inc.*, 995 F. Supp. 2d 621, 626 (N.D. Tex. 2014) In the Complaint, Plaintiffs state that they "seek to quiet title to their Property through a rescission of the contested trustee's deed and its removal from the chain of title to the Property." Complaint [Doc. # 17], ¶ 28.

"Texas courts have made clear that 'a necessary prerequisite to the . . . recovery of title . . . is tender of whatever amount is owed on the note." *Cook-Bell v. Mortg. Elec. Registration Sys., Inc.*, 868 F. Supp. 2d 585, 591 (N.D. Tex. 2012) (quoting *Fillion v. David Silvers Company*, 709 S.W.2d 240, 246 (Tex. App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.). Plaintiffs allege they did not pay their mortgage "for a few months." Complaint [Doc. # 17], ¶ 11. They do not allege any facts to counter the proposition that they defaulted on the payment obligations under the note. Nor do they allege they are current in their mortgage payments or that they are able, or even willing, to tender the balance of their mortgage obligation. Plaintiffs' quiet title claim in this case, which is predicated on

6

rescission of Wells Fargo's sale of the Property to Fannie May, cannot be sustained absent such allegations. *See Campo v. Bank of Am., N.A.*, No. CV H-15-1091, 2016 WL 1162199, at *5 (S.D. Tex. Mar. 24, 2016), *aff'd*, 678 F. App'x 227 (5th Cir. 2017), *reh'g denied* (Mar. 31, 2017) ("Campo is in default and has not alleged that he has tendered the balance of his loan. His quiet-title claim is legally insufficient for this additional reason and is dismissed."); *Galvan v. Centex Home Equity Co., L.L.C.*, No. 04-06-00820-CV, 2008 WL 441773, *4 (Tex. App.—San Antonio Feb. 20, 2008, no pet.) ("Setting aside a trustee sale is an equitable remedy which requires the mortgagor to make a valid tender of the amount due to receive equity."); *Fillion v. David Silvers Company*, 709 S.W.2d 240, 246 (Tex.App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.) ("Tender of whatever sum is owed on the mortgage debt is a condition precedent to the mortgagor's recovery of title from a mortgagee who is in possession and claims title under a void foreclosure sale."). Accordingly, the Motions are **granted** regarding this claim.

### 3. Breach of Contract

Under Texas law, the essential elements of a breach of contract claim are (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages to the plaintiff as a result of the defendant's breach. *Williams v. Wells Fargo Bank, N.A.*, 884 F.3d 239, 244 (5th Cir. 2018). As a threshold matter, Wells Fargo argues that

7

Plaintiffs cannot prevail on any breach of contract claim regarding the Deed of Trust because they have, by their own admission, failed to make certain payments required under that agreement and "[a] plaintiff cannot prevail on a claim for breach of contract when the plaintiff has not performed his own duties under the contract." WF Motion [Doc. # 21], p. 8 (quoting *Bynane v. The Bank of New York Mellon, Trustee*, No. H-15-2901, 2015 WL 8764272, at *5 (S.D. Tex. Dec. 15, 2015).

Days after the WF Motion was filed, the Fifth Circuit issued its decision in *Williams* v. *Wells Fargo Bank, N.A.* In *Williams*, the Circuit concluded that a lender's agreement in a deed of trust to give notice of foreclosure is independent of a borrower's agreement under the note to make monthly payments because the "obligation to give notice of foreclosure would not even arise unless and until" a borrower defaults. *Williams*, 884 F.3d at 245. The Circuit concluded further that "the requirement in a deed of trust that there be notice of intent to foreclose only has meaning if it can be enforced in the event of default," and "[i]f performance of the terms of a deed of trust governing the parties' rights and obligations in the event of default can always be excused by pointing to the debtor's default under the terms of the note, the notice terms have no meaning," which is inconsistent with Texas law that all contract terms have meaning. *Id*. Accordingly, the Fifth Circuit reversed the trial court's dismissal of the plaintiffs' breach of contract

claim, which dismissal was based on the plaintiffs' breach of the deed of trust due to their payment default, and remanded the case back to the trial court for further proceedings.

Like the plaintiffs in *Williams*, Plaintiffs here allege that Wells Fargo breached the Deed of Trust by failing to provide the requisite notices under that agreement before foreclosing on the Property. Under *Williams*, Plaintiffs' breach of contract claim is not foreclosed as a matter of law by their failure to satisfy their payment obligations under the Deed of Trust. To the extent the WF Motion is predicated on such an argument, it is **denied**.

Wells Fargo also contends that Plaintiffs' breach of contract claim fails on the merits because they allege only that they never received the required notices, not that Wells Fargo failed to send them. The Court rejects Wells Fargo's unduly narrow reading of the Complaint. The Deed of Trust provides that any notice thereunder "shall be deemed to have been given to [Plaintiffs] when mailed by first class mail or when actually delivered to [Plaintiffs'] notice address if sent by other means." Deed of Trust [Doc. # 17], ¶ 15 at ECF 17. Plaintiffs allege in the Complaint that Wells Fargo failed to follow the notice requirements in the Deed of Trust and that they never received the notices mandated by the Deed of Trust prior to the foreclosure sale on the Property. Contrary to Wells Fargo's assertion otherwise, a fair reading of the Complaint supports a reasonable inference that

9

Plaintiffs not only allege that they never received the required default notices from Wells Fargo, but that the reason they never received the required notices is because Wells Fargo did not comply with the requirements in the Deed of Trust. *See* Complaint [Doc. # 17], ¶19 ("Plaintiffs assert that the subject foreclosure is wrongful because there was a defect in the foreclosure sale proceeding due to improper notice of default, intent to accelerate, failure to provide notice of in person consultation prior to foreclosure proceedings and notice of trustee's sale); *id.* at ¶32 ("Defendant Wells Fargo Bank failure to properly notice Plaintiffs violated multiple paragraphs of the Deed of Trust"). Wells Fargo likely is correct that Plaintiffs cannot prevail on breach of contract claim based on a failure to *receive* notice if Wells Fargo mailed that notice to them via first class. However, the unresolved factual issue of what acts, if any, Wells Fargo performed in order to provide Plaintiffs with notice is not suitable for resolution on a motion to dismiss. The WF Motion is **denied** regarding Plaintiffs' breach of contract claim based on Wells Fargo's failure to provide the notices required by the Deed of Trust.

In addition, Plaintiffs allege in the Complaint that they "never received the notification of an in person consultation required under Housing and Urban Development [("HUD")] Regulations." Complaint [Doc. # 17], ¶ 18. The Fifth Circuit has held explicitly that HUD regulations do not afford homeowners a private right of action. *See Johnson v. World All. Fin. Corp.,* 830 F.3d 192, 196

10

(5th Cir. 2016) ("HUD regulations do not give the borrower a private cause of action unless the regulations are expressly incorporated into the lender-borrower agreement."). Plaintiffs do not cite any language in the Deed of Trust that expressly incorporates by reference HUD regulations. Although the Deed of Trust does include a concept of "Applicable Law," which includes "all controlling applicable federal, state and local statutes, regulations, ordinances and administrative rules and orders (that have the effect of law)," that is not sufficient to incorporate HUD regulations into that agreement. "A deed of trust's mere mention that federal law applies can hardly be construed as affording a private cause of action under statutes that do not provide one." *Law v. Ocwen Loan Servicing, L.L.C.*, 587 F. App'x 790, 794 (5th Cir. 2014). Because the Deed of Trust does not explicitly incorporate by reference any HUD regulations, Plaintiffs cannot sustain a breach of contract claim against Wells Fargo for failing to comply with those regulations. Accordingly, the WF Motion is **granted** regarding all of Plaintiffs' claims pertaining to any HUD regulations, including claims for breach of contract.

### 4. Chapter 392 of the Texas Finance Code

In the Complaint, Plaintiffs make the following single, entirely conclusory allegation with respect to Chapter 392 of the Texas Finance Code: "Defendant Wells Fargo Bank's failure to properly notice Plaintiffs . . . further violates Chapter

11

392 of the Texas Finance Code." Complaint [Doc. # 17], ¶ 32. This threadbare allegation, which fails even to identify the section of the chapter that Wells Fargo allegedly violated, is, as a matter of law, wholly insufficient to state a plausible claim for relief. *See Iqbal*, 556 U.S. at 678. Accordingly, the WF Motion is **granted** with respect to Plaintiffs' claim under Section 392 of the Texas Finance Code.[3]

### 5. Trespass to Try Title

"To prevail in a trespass-to-try-title action, a plaintiff must usually (1) prove a regular chain of conveyances from the sovereign, (2) establish superior title out of a common source, (3) prove title by limitations, or (4) prove title by prior possession coupled with proof that possession was not abandoned." *Martin v. Amerman*, 133 S.W.3d 262, 265 (Tex. 2004). "The pleading rules are detailed and formal, and require a plaintiff to prevail on the superiority of his title, not on the weakness of a defendant's title." *Id.*

It is undisputed that Fannie Mae acquired title to the Property in the April 4, 2017 foreclosure sale. Therefore, Plaintiffs can establish superior title to the Property, a necessary element of their trespass to try title claim, only if the

---

[3] Plaintiffs make no effort in the WF Response to address their claim under Chapter 392. *See* WF Response [Doc. # 27], p. 5 ("Plaintiffs have not addressed the cause of action touching on the Texas Finance Code."). Instead, they request leave of Court to further amend their Complaint. *Id.* For the reasons stated in section III.A.6 *infra*, the Court **grants** this request.

12

foreclosure sale is invalidated. As discussed in section III.A.2, *supra*, the Complaint is devoid of allegations that Plaintiffs tendered the amounts owed under the notes, allegations that are necessary to sustain any rescission claim based on invalidation of the foreclosure. Accordingly, the WF Motion is **granted** regarding Plaintiffs' trespass to try title claim.

### 6. Leave to Amend

In the Responses, Plaintiffs request leave to amend any cause of action "which the Court determined should be dismissed." FM Response [Doc. # 26], p. 5; WF Response [Doc. # 27], p. 5-6. The deadline for further amendments to pleadings in this case has passed. *See* Scheduling Order [Doc. # 14] (setting February 28, 2018 deadline for amended pleadings). Federal Rule of Civil Procedure 16(b) governs amendment of pleadings once a scheduling order has been issued by the district court. Rule 16(b) provides that a scheduling order "shall not be modified except upon a showing of good cause and by leave of the district judge." The good cause standard requires the party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension. *S&W Enterprises, L.L.C. v. SouthTrust Bank of Alabama, NA*, 315 F.3d 533, 535 (5th Cir. 2003). In the context of an untimely motion to amend pleadings, a court should consider "(1) the explanation for the failure to [timely move for leave to amend]; (2) the importance of the [amendment]; (3) potential prejudice in

13

allowing the [amendment]; and (4) the availability of a continuance to cure such prejudice." *Id*. at 536 (internal quotation marks omitted).

With respect to Plaintiffs' quiet title, Texas Finance Code, and trespass to try title claims, the first "good cause" element weighs decisively against Plaintiffs, who offer no explanation as to why they failed to amend the Complaint, or sought leave to do so, prior to the February 28, 2018 pleading deadline in this case. However, the potential amendments, which involve the most significant of Plaintiffs' claims, are important to the scope of this case and there is no evidence that Defendants would be prejudiced at this still relatively early stage by permitting Plaintiffs to amend their Complaint a second, and final, time. Moreover, any nominal prejudice Defendants would suffer could easily be cured by a brief continuance of the existing deadlines in this case. Accordingly, each of the remaining three elements weighs in favor of permitting amendment. The Court concludes that Plaintiffs' request for leave to amend should be **granted**, and Plaintiffs will be given one additional opportunity to amend their quiet title, Texas Finance Code and trespass to try title claims. In amending their Complaint, Plaintiffs are warned they must adhere carefully to their obligations under Rule 11 of the Federal Rules of Civil Procedure.

The Court reaches a different conclusion regarding Plaintiffs' wrongful foreclosure claim and breach of contract claim premised on Wells Fargo's alleged

14
P:\ORDERS\11-2017\2070MDismiss.docx  180420.1334

disregard for HUD regulations. Based on the allegations in the Complaint and the terms of the Deed of Trust, as a matter of law, the Property was not sold for a grossly inadequate price and the Deed of Trust does not incorporate by reference HUD regulations. Any attempts by Plaintiff to amend those claims, therefore, would be futile. Accordingly, the Court concludes that Plaintiffs' wrongful foreclosure and breach of contract claim premised on Wells Fargo's violation of HUD regulations must be **dismissed with prejudice**.

## IV. CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED** that Defendant Federal National Mortgage Association's Motion to Dismiss [Doc. # 22] is **GRANTED.** All claims asserted against Federal National Mortgage Association in the Complaint [Doc. # 17] are **DISMISSED WITHOUT PREJUDICE**. It is further

**ORDERED** that Defendant Wells Fargo Bank, N.A.'s Motion to Dismiss [Doc. # 21] is **GRANTED IN SUBSTANTIAL PART**. Wells Fargo's Motion to Dismiss is **DENIED** regarding Plaintiffs' breach of contract claim in the Complaint based on Wells Fargo's failure to provide the notices required by the Deed of Trust. In all other respects, Wells Fargo's Motion to Dismiss is **GRANTED**. Plaintiffs' wrongful foreclosure claim and all claims premised on Wells Fargo's violation of HUD regulations, including any breach of contract

claim, are **DISMISSED WITH PREJUDICE**. All other dismissed claims asserted against Wells Fargo in the Complaint are **DISMISSED WITHOUT PREJUDICE**. It is further

**ORDERDED** that Plaintiffs' request for leave to amend their Complaint is **GRANTED**. To the extent Plaintiffs wish to amend their Complaint, they shall file the amended pleading as a separate docket item on or before **May 10, 2018**.

SIGNED at Houston, Texas, this 20th day of **April, 2018**.

_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE

16

P:\ORDERS\11-2017\2070MDismiss.docx  180420.1334